15-4029-cv
Hirsch v. Pernat, et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 27th day of March, two thousand seventeen.

Present:      ROSEMARY S. POOLER,
              BARRINGTON D. PARKER,
              DEBRA ANN LIVINGSTON,
                     *Circuit Judges*.

_____

JOSEPH S. HIRSCH,

                     *Plaintiff-Appellant*,

              v.                                              15-4029-cv

KATHERINE PERNAT, SUFFOLK COUNTY,
JOSEPH TORTORA,

                     *Defendants-Appellees*.[1]

_____

Appearing for Appellant:      PHILIP M. SMITH, Harrison, NY.

Appearing for Appellees       JUDITH N. VALE, Assistant Solicitor General (Barbara D.
Katherine Pernat and          Underwood, Solicitor General, Anisha S. Dasgupta, Deputy
Joseph Tortora:               Solicitor General, *on the brief*), *for* Eric T. Schneiderman, Attorney
                              General of New York, New York, NY.

Appearing for Appellee        Brian C. Mitchell, Assistant County Attorney, *for* Dennis M.
Suffolk County:               Brown, Suffolk County Attorney, Hauppauge, NY.

_____

[1] The Clerk of the Court is directed to amend the caption as above.

Appeal from the United States District Court for the Eastern District of New York (Seybert, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Plaintiff-Appellant Joseph Hirsch appeals from a judgment and two orders entered by the United States District Court for the Eastern District of New York (Seybert, *J.*). On March 18, 2015, the district court denied Hirsch's motion for reconsideration of a prior ruling, and granted Appellees' motion for summary judgment as to Hirsch's claims brought under 42 U.S.C. § 1983. On March 24, 2015, the district court entered judgment in favor of Appellees. Thereafter, on November 20, 2015, the district court denied Hirsch's second motion for reconsideration.

Hirsch's claims arise from prison officials' decision not to award him "good time" credits during his imprisonment for several sex crimes, and from their recommendation that Hirsch be classified as an intermediate-level risk on the State's sex offender registry. Hirsch alleges that both of these actions resulted from his refusal to confess to a fabricated rape charge while imprisoned, and thus violated his rights under the Due Process Clause of the Fourteenth Amendment. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"We review a district court's decision to grant summary judgment *de novo,* construing the evidence in the light most favorable to the party against which summary judgment was granted and drawing all reasonable inferences in its favor." *Halo v. Yale Health Plan, Dir. of Benefits & Records Yale Univ.*, 819 F.3d 42, 47 (2d Cir. 2016). On appeal, Hirsch argues, first, that the district court erred in ruling that prison officials did not make an improper recommendation regarding the level to which Hirsch should be assigned in the State's sex offender registry. He also argues that the district court erred in ruling that Hirsch had no constitutional liberty or property interest in receiving "good time" credits while imprisoned.[2]

The district court did not err in ruling that the Board of Examiners of Sex Offenders (the "Board") gave a correct recommendation for Hirsch's risk level classification within the sex offender registry. Hirsch argues that he refused to participate in the program because prison employees demanded that he confess to a rape that he did not commit, and of which he had not been convicted. The district court concluded that while the Board's assignment of fifteen points for this refusal in calculating Hirsch's risk level score might have been improper, the net difference in score was only five points—and thus would have had no effect on his recommended risk level—because there was independent evidence in the record that Hirsch would not accept responsibility for his crimes. Indeed, documentary evidence shows that Hirsch repeatedly and emphatically denied that he was guilty of *any* crime, including those of which he had been convicted, and that he declined to participate in the counseling program because it required that he accept responsibility for his crimes. App'x at 46 ("I am not guilty of any crime and I have no prior criminal record."); 51 ("I have no prior criminal record and am innocent of

---

[2] We need not reach the issue of whether Hirsch's claims against Tortora were timely, as Hirsch's claims fail on other grounds.

my instant offense."); 154 ("I have no prior criminal history and am innocent of any crime, including the one prompting my current incarceration . . . .").

Hirsch's claim that he was wrongfully deprived of "good time" credits also fails. Hirsch contends that the prison's Time Allocation Committee refused to give him "good time" credits because he did not participate in the counseling program, and that he did not participate in the program because doing so would have required that he confess to a fabricated rape charge of which he was not convicted. We have generally stated, however, that where "good time" credits have not been earned—and there is no evidence that they had been earned here—there is no constitutionally protected interest in them because of the discretionary nature of their award. *See Abed v. Armstrong*, 209 F.3d 63, 67 (2d Cir. 2000). Even if Hirsch had a minimal due process right in not being denied good time credits arbitrarily, *see Graziano v. Pataki*, 689 F.3d 110, 115 (2d Cir. 2012) (per curiam), there is no evidence that the Time Allowance Committee acted arbitrarily here. It gave Hirsch notice that it was considering recommending that he not be awarded good time credits, held a hearing, and based its decision on an undisputed fact, namely that Hirsch refused to participate in the counseling program. The Time Allowance Committee's recommendation that Hirsch not receive good time credits therefore cannot support a due process claim.

We have considered the remainder of appellant's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3